## STATE DEPT OF LIQUOR CONTROL v DISPATCH PRINTING CO et

Ohio Appeals, 2nd Dist, Franklin Co

No 2550.   Decided Sept 25, 1935

John W. Bricker, Attorney General, Columbus, and Isadore Topper and Wilbur L. Shull, Asst Att'ys General, Columbus, for plaintiff in error.

Miller, Miller & Snyder, Columbus, for defendant in error.

## OPINION

By BARNES, J.

The question of jurisdiction may not be waived and is always a subject of inquiry whether or not presented on motion or in the briefs.   The Supreme Court of Ohio in the case of **King v Penn, 43 Oh St, 57,** announces the following rule in Syl. 1:

"This court is without jurisdiction to hear and determine a proceeding in error which is not commenced by the time prescribed by statute after the rendition of the judgment complained of.

"Syl 2.  Party to a proceedings in error can not by private agreement or consent of all by voluntary appearance (in the absence of facts which should estop them to deny the jurisdiction of the court), confer upon this court power to hear and determine such proceeding after the expiration of the time limited therefor."

While in this case the court was dealing with a different state of facts, yet the question was one of jurisdiction and we think clearly announces that jurisdiction can not be conferred by agreement or consent or by voluntary appearance.

The case of **Wells v Wells, 105 Oh St, 471,** Syls. 2 and 3, is also in point.

We now go to the essential question as to whether or not the ruling of the court overruling the motion was a final order. §12258 GC prescribes what is a final order. We quote the section in full.

"Sec 12258 GC. WHAT IS A FINAL ORDER.—An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this statute."

The subject of "Final Order" is discussed in **Vol. 2, Ohio Jurisprudence under the title "Appeal and Error," §§117 and 118.** Through elaborate notes, reference is made to numerous decisions of courts of Ohio. We fail to find any case exactly in point, but reasoning by analogy from Ohio cases it is our conclusion that the overruling of the motion in the instant case was not a final order, and therefore this court would have no jurisdiction to hear or determine the error proceedings. We do not question the inherent right of the Municipal Court to hear and determine a motion when made, but under the Code a motion is not one of the prescribed steps to be taken to bring the order of garnishment to a final determination. Had the court sustained the motion, that would have been a final order from which the plaintiff below might have prosecuted error proceedings due to the fact that such a finding would have prevented a judgment. We find numerous instances in the books where the sustaining of motions is a final order, and the overruling is not. The correctness of this rule is apparent from a mere statement. Under the provisions of the Code in garnishment proceedings, the garnishee may fail, neglect or refuse to appear and answer; he may appear and answer; he may admit an indebtedness and pay in court. In the event of failure or refusal to answer or if the answer is unsatisfactory, the plaintiff may then bring an action against the garnishee, and upon issues joined the matter proceeds to judgment either for or against the garnishee. This then becomes a final order.

Until all these steps are taken it would not be said that a final order is made against the garnishee affecting a substantial right. Applying this principle to the instant case it can not be assumed as a matter of law that the court's order and judgment would always be in line with his determination of the motion.

Arriving at the conclusion that we do not have jurisdiction to hear and determine the cause by reason of the fact that there is no final order, the petition in error will be dismissed.

Exceptions may be allowed to plaintiff in error.

HORNBECK and BODEY, JJ, concur.